IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROGALA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 CV 1951 |
| ) | |
| P.O.R. ORTIZ Star No. 286, P.O.G. ) | Judge St. Eve |
| CONOBOY Star No. 331, P.O.J. ) | |
| TADROWSKI Star No. 296, Individually, ) | Magistrate Judge Keys |
| and THE CITY OF BERWYN ) | |
| ) | |
| Defendants ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF JAMES TADROWSKI

Defendant James Tadrowski ("Tadrowski"), by his attorney Michael J. Wall of Rothschild, Barry & Myers LLP states for his Answer and Affirmative Defenses:

## ANSWER

### JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 US.C Section 1983]. This court has jurisdiction under and by virtue of 28 US.C. Sections 1343, 1331, and 1367.

**ANSWER:**   Tadrowski admits the allegations of paragraph 1 of the Complaint.

2.  Venue is found in this judicial court upon 28 U S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:**   Tadrowski admits the allegations of paragraph 2 of the Complaint.

### PARTIES

3.  At all times herein mentioned, Plaintiff ROBERT ROGALA ("Rogala" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:** Tadrowski has no personal knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore neither admits nor denies same but demands strict proof thereof.

4. At all times herein mentioned, Defendant Berwyn Police Officer R. ORTIZ Star No. 286, ("Ortiz") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for the Berwyn Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Tadrowski admits the allegations of paragraph 4 of the Complaint but denies that Officer Ortiz was acting in his personal capacity relevant to the matters alleged in the Complaint.

5. At all times herein mentioned, Defendant Berwyn Police Officer G. CONOBOY Star No. 331, ("Conoboy") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for the Berwyn Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Tadrowski admits the allegations of paragraph 4 of the Complaint but denies that Sergeant Conoboy was acting in his personal capacity relevant to the matters alleged in the Complaint.

6. At all times herein mentioned, Defendant Berwyn Police Officer J. TADROWSKI Star No. 296, ("Tadrowski") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for the Berwyn Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Tadrowski admits the allegations of paragraph 4 of the Complaint but denies that he was acting in his personal capacity relevant to the matters alleged in the Complaint.

7. At all times herein mentioned, THE CITY OF BERWYN ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Berwyn maintained, managed, and/or operated the City of Berwyn Police Department.

**ANSWER:** Tadrowski admits the allegations of paragraph 7 of the Complaint.

8. On or about January 16, 2007, at approximately 10:00 PM, Plaintiff was walking on Cermak Road at Harvey Avenue in Berwyn, IL.

**ANSWER:** Tadrowski has no personal knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore neither admits nor denies same but demands strict proof thereof.

9. At that place and date, the individual defendants arrived at Plaintiff's location.

**ANSWER:** Tadrowski denies the allegations of paragraph 9 of the Complaint.

10. Plaintiff was subjected to unnecessary and unreasonable force by being tackled and shoved by the individual defendants.

**ANSWER:** Tadrowski denies the allegations of paragraph 10 of the Complaint.

11. The individual defendants then caused Plaintiff to be unlawfully arrested by handcuffing Plaintiff and forcing him into a police vehicle.

**ANSWER:** Tadrowski denies the allegations of paragraph 11 of the Complaint.

12. Plaintiff in no way consented to this conduct.

**ANSWER:** Tadrowski denies that plaintiff was unlawfully arrested, handcuffed and forced into a police vehicle and affirmatively states on information and belief that plaintiff improperly failed to respond to the lawful orders of the police.

13. The individual defendants then caused Plaintiff to be falsely charged with disorderly conduct.

**ANSWER:** Tadrowski denies the allegations of paragraph 13 of the Complaint.

14. On or about January 24, 2008, Plaintiff's case was dismissed, terminating in his favor.

**ANSWER:** Tadrowski admits the allegations of paragraph 14 of the Complaint.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses,

and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Tadrowski denies the allegations of paragraph 15 of the Complaint.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Tadrowski denies the allegations of paragraph 16 of the Complaint.

17. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Tadrowski denies the allegations of paragraph 17 of the Complaint.

## COUNT I

Plaintiff against Individual Defendants for Excessive Force

18. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hearat as though fully alleged at this place.

**ANSWER:** Tadrowski realleges his responses to paragraphs 1 through 17 above, as and for his response to paragraph 18 of Count I of the Complaint.

19. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Tadrowski denies the allegations of paragraph 19 of the Complaint.

20. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**   Tadrowski denies the allegations of paragraph 20 of the Complaint.

## COUNT II

Plaintiff against Individual Defendants for Unlawful Detention and False Arrest

21.   Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

**ANSWER:**   Tadrowski realleges his responses to paragraphs 1 through 17 as and for his response to paragraph 21 of Count II of the Complaint.

22.   By reason of Defendants' conduct, Plaintiffs [sic] were [sic] deprived of rights, privileges, and immunities secured to them [sic] by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**   Tadrowski denies the allegations of paragraph 22 of the Complaint.

23.   The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

**ANSWER:**   Tadrowski denies the allegations of paragraph 23 of the Complaint.

## COUNT III

Plaintiff against all Defendants for Malicious Prosecution

24.   Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen 17) hereat as though fully alleged at this place.

**ANSWER:**   Tadrowski realleges his responses to paragraphs 1 through 17 as and for his response to paragraph 24 of Count III of the Complaint.

25.   The individual defendants caused a false charge of disorderly conduct to be commenced against Plaintiff.

**ANSWER:**   Tadrowski denies the allegations of paragraph 25 of the Complaint.

26.   The individual defendants, employed by the City of Berwyn, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause.

As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Tadrowski denies the allegations of paragraph 26 of the Complaint.

27. The individual defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER:** Tadrowski denies the allegations of paragraph 27 of the Complaint.

28. The criminal proceedings against Plaintiff were terminated in his favor.

**ANSWER:** Tadrowski denies that the proceedings against the plaintiff were criminal in nature, but admits that the proceedings referred to herein were terminated in plaintiff's favor.

29. The City of Berwyn is liable to Plaintiff for the acts of the individual defendants, pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Tadrowski admits the allegations of paragraph 29 of the Complaint.

30. Therefore, all Defendants are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:** Tadrowski denies the allegations of paragraph 30 of the Complaint.

WHEREFORE, James Tadrowski prays that this Honorable Court enter judgment in his favor, that he be awarded the attorneys fees and costs incurred in the defense of this lawsuit and that he receive such other and different relief as is just and proper.

## AFFIRMATIVE DEFENSES

1. This defendant was not present at the time plaintiff was stopped and taken into custody, did not tackle or shove plaintiff, did not arrest the plaintiff, did not place handcuffs on the plaintiff, and did not place or prosecute any charges against plaintiff.

2. Officer Ortiz and Sergeant Conoboy had probable cause to arrest the plaintiff based upon his unlawful conduct of yelling profanities at them.

3. An objectively reasonable police officer would have concluded that there was probable cause to arrest plaintiff based upon their direct observance of his conduct and his yelling profanities at them.

4. Officer Ortiz and Sergeant Conoboy had probable cause to arrest the plaintiff based upon the facts and circumstances within their knowledge at the time of the arrest and based upon the information which they had which would have warranted a prudent person to believe that plaintiff had committed a crime.

5. James Tadrowski is entitled to qualified immunity because he did not violate any clearly established statutory or constitutional right of the plaintiff of which an objectively reasonable police officer would have known.

6. At all times relevant to this matter, James Tadrowski was acting as a public employee serving in a position involving the exercise of discretion and, therefore, pursuant to 745 ILCS 10/2-201, James Tadrowski is not liable for any injury resulting from the plaintiff's arrest.

7. The conduct of James Tadrowski alleged by the plaintiff was not willful and wanton and, therefore, pursuant to 745 ILCS 10/2-202 James Tadrowski is not liable to the plaintiff.

8. At all times relevant to this matter, James Tadrowski was acting as a public employee within the scope of his employment and, therefore, pursuant to the immunity provided by 745 ILCS 10/2-204 James Tadrowski is not liable to the plaintiff.

JAMES TADROWSKI,

By: /s  Michael J. Wall
One of His Attorneys

Michael J. Wall (#2924773)
Alan S. Madans (#6186951)
Robin K. Powers (#62211030)
Rothschild, Barry & Myers LLP
55 West Monroe, Suite 3900
Chicago, IL 60603
312/372-2345