## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROGALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1951 |
| | ) | |
| P.O. R. ORTIZ Star No. 286, | ) | Judge Amy St. Eve |
| P.O. G. CONOBOY Star No. 331, | ) | |
| P.O. J. TADROWSKI Star No. 296, | ) | Magistrate Judge Keys |
| Individually, and THE CITY OF BERWYN | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICER RAMON ORTIZ'S ANSWER TO COMPLAINT

NOW COMES Defendant, Officer Ramon Ortiz ("Ortiz"), by and through his attorneys, John B. Murphey and Rosenthal, Murphey & Coblentz, and hereby answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER**:    Ortiz admits the allegations contained in paragraph 1.

2.      Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:**    Ortiz admits the allegations contained in paragraph 2.

## **PARTIES**

3.      At all times herein mentioned, Plaintiff ROBERT ROGALA ("Rogala" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER**:      Ortiz does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.      At all times herein mentioned, Defendant Berwyn Police Officer R. ORTIZ Star No. 286, ("Ortiz") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for the Berwyn Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER**:      Ortiz admits the allegations contained in paragraph 4.

5.      At all times herein mentioned, Defendant Berwyn Police Officer G. CONOBOY Star No. 331, ("Conoboy") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for the Berwyn Police Department.  This Defendant is being sued in his individual/personal capacity.

**ANSWER**:      Ortiz admits the allegations contained in paragraph 5.

6.      At all times herein mentioned, Defendant Berwyn Police Officer J. TADROWSKI Star No. 296, ("Tadrowski") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for the Berwyn Police Department.  This Defendant is being sued in his individual/personal capacity.

**ANSWER**:      Ortiz admits the allegations contained in paragraph 6.

7.     At all times herein mentioned, THE CITY OF BERWYN ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Berwyn maintained, managed, and/or operated the City of Berwyn Police Department.

**ANSWER**:    Ortiz admits the allegations contained in paragraph 7.

## FACTUAL ALLEGATIONS

8.     On or about January 16, 2007, at approximately 10:00 PM, Plaintiff was walking on Cermak Road at Harvey Avenue in Berwyn, IL.

**ANSWER**:    Ortiz admits the allegations contained in paragraph 8.

9.     At that place and date, the individual defendants arrived at Plaintiff's location.

**ANSWER**:    Ortiz admits the allegations contained in paragraph 9.

10.    Plaintiff was subjected to unnecessary and unreasonable force by being tackled and shoved by the individual defendants.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 10.

11.    The individual defendants then caused Plaintiff to be unlawfully arrested by handcuffing Plaintiff and forcing him into a police vehicle.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 11.

12.    Plaintiff in no way consented to this conduct.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 12.

13.    The individual defendants then caused Plaintiff to be falsely charged with disorderly conduct.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 13.

14.     On or about January 24, 2008, Plaintiff's case was dismissed, terminating in his favor.

**ANSWER**:     Ortiz admits that the charges against Plaintiff were non-suited.   Ortiz denies the remaining allegations.

15.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER**:     Ortiz denies the allegations contained in paragraph 15.

16.     The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**:     Ortiz denies the allegations contained in paragraph 16.

17.     By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**:     Ortiz denies the allegations contained in paragraph 17.

## COUNT I

**Plaintiff against Individual Defendants for Excessive Force**

18.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

**ANSWER**:     Ortiz hereby incorporates by reference his answers to paragraphs 1 through 17 as though fully set forth herein.

19.     By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER**:     Ortiz denies the allegations contained in paragraph 19.

20.     The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights.   Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:     Ortiz denies the allegations contained in paragraph 20.

## COUNT II

**Plaintiff against Individual Defendants for Unlawful Detention and False Arrest**

21.     Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

**ANSWER**:     Ortiz hereby incorporates by reference his answers to paragraphs 1 through 17 as though fully set forth herein.

22.     By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 22.

23.    The detention and arrest of Plaintiff was alleged above was caused by Defendants and was done without probable cause and was unreasonable.  Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 23.

## COUNT III

### Plaintiff against all Defendants for Malicious Prosecution

24.    Plaintiffs hereby incorporate and re-allege Paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

**ANSWER**:    Ortiz hereby incorporates by reference his answers to paragraphs 1 through 17 as though fully set forth herein.

25.    The individual defendants caused a false charge of disorderly conduct to be commenced against Plaintiff.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 25.

26.    The individual defendants, employed by the City of Berwyn, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 26.

27.    The individual defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 27.

28.    The criminal proceedings against Plaintiff were terminated in his favor.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 28.

29.    The City of Berwyn is liable to Plaintiff for the acts of the individual defendants, pursuant to the doctrine of *respondeat superior*.

**ANSWER**:    The allegations contained in paragraph 29 are not directed at Ortiz. Therefore, no answer is required.

30.    Therefore, all Defendants are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER**:    Ortiz denies the allegations contained in paragraph 30.

Respectfully submitted,

OFFICER RAMON ORTIZ

By:    _____/s/ John B. Murphey_____
His Attorney

JOHN B. MURPHEY
Rosenthal, Murphey & Coblentz
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Edward M. Fox
Leslie C. McCoy
Ed Fox & Associates
300 W. Adams St., #330
Chicago, Illinois 60606

James J. Roche
Kelly Kathleen Kachmarik
James J. Roche and Assoc.
642 North Dearborn Street
Chicago, Illinois 60610

Michael James Wall
Alan S. Madans
Robin Korman Powers
Rothschild, Barry & Myers, P.C.
55 West Monroe St., Suite 3900
Chicago, Illinois 60603

Richard F. Bruen, Jr.
Mark H. Sterk
Robert R. Wilder
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Pk., Ill. 60805

_____/s/_____Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for Ramon Ortiz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191