UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROGALA | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 CV 1951 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| | ) | Magistrate Judge Keys |
| P.O.R. ORTIZ Star No. 286 | ) | |
| P.O.G. CONOBOY Star No. 331 | ) | |
| P.O.J. TADROWSKI Star No. 296, | ) | |
| Individually, and THE CITY OF BERWYN | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT *INSTANTER*

Defendant, P.O. CONOBOY, by his attorneys JAMES J. ROCHE & ASSOCIATES moves for leave to file his answer and affirmative defenses to the complaint *instanter* and in support states:

1. Appearances were recently filed for Defendant Sergeant Conoboy.
2. The answer of Sergeant Conoboy was drafted and prepared immediately upon the filing of appearances on his behalf, failure to file was an oversight.
3. Sergeant Conoboy has already diligently completed responses to Plaintiff's Interrogatories and Requests to Produce.
4. No prejudice will result to any party if this Motion is granted.

WHEREFORE, Sergeant Conoboy prays this Honorable Court grant him leave to file his answer and affirmative defenses to the complaint *instanter*.

Sergeant Conoboy,

By:   /s  Kelly Kathleen Kachmarik
     One of His Attorneys

Kelly Kathleen Kachmarik  (#6275425)
James J. Roche & Associates
642 North Dearborn Street
Chicago, IL 60610
312-335-0044

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2008, I filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the noticed CM/ECF participants.

      /S/ Kelly Maloney Kachmarik
Kelly Maloney Kachmarik
Attorney No.   6275425
Attorney for Defendant Conoboy
James J. Roche & Associates
642 North Dearborn
Chicago, Illinois 60610
312-335-0044
312-335-9009 (fax)
Kmkachmarik@jjroche.net

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ROGALA | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 CV 1951 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| | ) | Magistrate Judge Keys |
| P.O.R. ORTIZ Star No. 286 | ) | |
| P.O.G. CONOBOY Star No. 331 | ) | |
| P.O.J. TADROWSKI Star No. 296, | ) | |
| Individually, and THE CITY OF BERWYN | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF GERALD CONOBOY

Defendant, Gerald Conoboy by and through his attorneys, James J. Roche & Associates; answers the Plaintiff's complaint as follows:

   1.   This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C.Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Admit.

   2.   Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Admit.

### PARTIES

   3.   At all times herein mentioned, Plaintiff ROBERT ROGALA ("Rogala" or

"Plaintiff" was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER**: Gerald Conoboy lacks significant knowledge or information to form a belief regarding the truth of the allegations contained in this Paragraph and on that basis denies same.

4.     At all times herein mentioned, Defendant Berwyn Police Officer R. ORTIZ Star No. 286, ("Ortiz") was employed by the Berwyn Police Department and was acting under color of the state law.

**ANSWER**: Gerald Conoboy admits that Officer Ortiz was employed by the Berwyn Police Department at all relevant times and that he is being sued in his individual/personal capacity. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies same.

5.     At all times herein mentioned, Defendant Berwyn Police Officer G. CONOBOY Star No. 331, ("Conoboy") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for Berwyn Police Department. This defendant is being sued in his individual/personal capacity.

**ANSWER:** Gerald Conoboy admits that he was employed by the Berwyn Police Department at

all relevant times and that he is being sued in his individual/personal capacity. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies same.

6.     At all times herein mentioned, Defendant Berwyn Police Officer J. TADROWSKI Star No. 296, ("Tadrowski") was employed by the Berwyn Police Department and was acting under color of state law and as the employee, agent, or representative for Berwyn Police Department. This defendant is being sued in his individual/personal capacity.

**ANSWER:** Gerald Conoboy admits that Officer Tadrowski was employed by the Berwyn Police Department at all relevant times and that he is being sued in his individual/personal capacity. The remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies the same.

7.     At all times herein mentioned, THE CITY OF BERWYN ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Berwyn maintained, managed, and/or operated the City of Berwyn Police Department.

**ANSWER:** Gerald Conoboy admits the allegations contained in this Paragraph.

## FACTUAL ALLEGATIONS

8.  On or about January 16, 2007, at approximately 10:00 PM, Plaintiff was walking on Cermak Road at Harvey Avenue in Berwyn, IL.

**ANSWER:** Gerald Conoboy lacks sufficient knowledge or information to form a belief regarding the truth of the allegations contained in this Paragraph, and on that basis denies same.

9.  At that place and date, the individual defendants arrived at the Plaintiff's location.

**ANSWER:** Gerald Conoboy admits the allegations contained in this Paragraph.

10.  Plaintiff was subjected to unnecessary and unreasonable force by being tackled and shoved by the individual defendant

**ANSWER:** Gerald Conoboy denies the allegations contained in this Paragraph.

11.  The individual defendants then caused Plaintiff to be unlawfully arrested by handcuffing Plaintiff and forcing him into a police vehicle.

**ANSWER:** Gerald Conoboy admits that Plaintiff was handcuffed, but denies the remaining allegations contained in this paragraph.

12.  Plaintiff in no way consented to this conduct

**ANSWER:** Gerald Conoboy lacks sufficient knowledge or information to form a belief regarding the truth of the allegations contained in this Paragraph, and on that basis denies same.

13. The individual defendants then caused Plaintiff to be falsely charged with disorderly conduct.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

14. On or about January 24, 2008, Plaintiff's case was dismissed, terminating in his favor.

**ANSWER:** Gerald Conoboy admits the allegations contained in this paragraph.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained

according to proof at the time of trial.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

17.  By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

## COUNT I

### Plaintiff against Individual Defendants for Excessive Force

18.  Plaintiff hereby incorporates and re-alleges paragraph one (1) through seventeen (17) hereat as though fully alleged at this place.

**ANSWER:** Gerald Conoboy incorporates its responses above as if fully restated here.

19.  By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

20.     The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of the Plaintiff's Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. 1983.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

### COUNT II

**Plaintiff against Individual Defendants for Unlawful Detention and False Arrest**

21.     Plaintiff hereby incorporate and re-allege Paragraphs one (1) through seventeen (17) hereat as though fully set fourth at this place.

**ANSWER:** Gerald Conoboy incorporates its responses above as if fully restated here.

22.     By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges, and immunity secured to them by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

23.     The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. 1983.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

## COUNT III

### Plaintiff against all Defendants for Malicious Prosecution

24.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

**ANSWER:** Gerald Conoboy incorporates its responses above as if fully restated here.

25.     The individual defendants caused a false charge of disorderly conduct to be commenced against Plaintiff.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

26.     The individual defendants, employed by the City of Berwyn, maliciously commenced and caused to be continued a proceeding against Plaintiff without probably cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

27.     The individual defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

28.   The criminal proceedings against Plaintiff were terminated in his favor.

**ANSWER:** Gerald Conoboy denies that the proceedings against the plaintiff were criminal in nature, but admits that the proceedings related to the incident alleged herein were terminated in the Plaintiff's favor.

29.   The City of Berwyn is liable to Plaintiff for the acts of the individual defendants, pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

30.   Therefore, all Defendants are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:** Gerald Conoboy denies the allegations contained in this paragraph.

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

### Second Affirmative Defense

The Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### Third Affirmative Defense

The Plaintiff's claims are barred by the doctrine of qualified immunity.

### Fourth Affirmative Defense

The Plaintiff's claims are barred against this defendant under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

### Fifth Affirmative Defense

The defendants exercised reasonable and appropriate force to retrain the Plaintiff.

### Sixth Affirmative Defense

The defendants had probable cause to arrest and detain the Plaintiff.

### Seventh Affirmative Defense

The defendants had probable cause to issue and ordinance violation citation to Plaintiff and to proceed with the changes against Plaintiff at the Administrative Adjudication hearing.

### JURY DEMAND

The defendant demands trail by jury.

WHEREFORE, Defendant, Gerald Conoboy, respectfully requests that the Court enter judgement in its favor and against the Plaintiff, and that it award it its litigation expenses, along with any other relief this Court deems appropriate.

Respectfully submitted,

GERALD CONOBOY

By:   /s/ Kelly Maloney Kachmarik

                                                                                    One of His Attorneys

Kelly Kathleen Kachmarik  (#6275425)
James J. Roche & Associates
642 North Dearborn Street
Chicago, IL 60610
312-335-0044